IN THE SUPREME COURT OF THE STATE OF NEVADA

QUINTON ARTHUR WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76669

FILED

JUN 3 0 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery on a protected person.[1] Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

Appellant Quinton Williams argues that he did not knowingly, intelligently, and voluntarily waive his right to counsel when he exercised his right to represent himself at trial. Specifically, Williams contends that he did not understand the nature of the proceedings and the justice court conducted an insufficient canvass. When a defendant seeks to waive his right to counsel, the district court must ensure that the defendant is competent and the waiver is knowingly, intelligently, and voluntarily made. *Hymon v. State*, 121 Nev. 200, 212, 111 P.3d 1092, 1101 (2005). A waiver is knowing, intelligent, and voluntary when a defendant is "made aware of the dangers and disadvantages of self-representation, so that the record will

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-18870

establish that he knows what he is doing and his choice is made with eyes open." *Hooks v. State*, 124 Nev. 48, 53-54, 176 P.3d 1081, 1084 (2008) (quoting *Faretta v. California*, 422 U.S. 806, 835 (1975)). The defendant should understand "the elements of each crime" charged, including "the possible penalties or punishments, and the total possible sentence the defendant could receive" if convicted. SCR 253(3)(f), (g).

Williams first announced his desire to represent himself at his initial appearance in justice court. The justice court conducted a *Faretta* canvass. During the canvass, the justice court asked Williams questions about the nature of self-representation. However, the record does not show that Williams adequately understood the elements of the charged crime or the possible sentence he could receive. And throughout the canvass Williams did not appear to understand the nature of the proceedings. Williams repeatedly stated that he would "accept [the charge] for value" and sought to "discharge this debt."

During Williams's first appearance in district court, a hearing master continued the arraignment so that the district court could conduct a *Faretta* canvass. At the subsequent arraignment, when asked if he understood the proceedings, Williams answered "somewhat." However, the district court never recanvassed Williams. Instead, the district court opted to let the justice court canvass "stand." The district court's decision is problematic because "the purpose of a preliminary hearing and a trial are vastly different and therefore the dangers and disadvantages of self-representation at the two stages are also different." *Hooks*, 124 Nev. at 56, 176 P.3d at 1086. And this court has found "that a *Faretta* canvass before a preliminary hearing in justice court will rarely be sufficient, standing

alone, to establish a knowing, intelligent, and voluntary waiver of the right to counsel at trial in the district court." *Id.* at 53, 176 P.3d at 1084. Furthermore, Williams did not appear to understand the nature of the proceedings throughout. During a pretrial hearing, Williams appeared to think that he was being sued in a civil action and submitted what he considered a petition to discharge through bankruptcy. When the district court explained that the criminal charge was not a civil action, Williams asked, "What have I done criminal?" These issues should have signaled to the district court that a separate *Faretta* canvass was warranted before trial. Further, at sentencing, Williams sought to "pay the debt off" rather than "going [to] jail." While Williams's unorthodox beliefs in line with being a "sovereign citizen" alone do not show that he was incompetent to waive his right to counsel and represent himself, *see United States v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015) (recognizing that the "[defendant's] comments and conduct were indicative of [his sovereign citizen] belief, not a lack of competence[, and he] cannot now use those beliefs as an expression of incompetency"), the record here supports the conclusion that Williams did not understand the nature of the proceedings or potential punishment he faced.

Therefore, we conclude that the record as a whole does not demonstrate that Williams knowingly, intelligently, and voluntarily waived his right to counsel—particularly given that "we 'indulge in every reasonable presumption against waiver' of the right to counsel." *Hooks*, 124 Nev. at 57, 176 P.3d at 1086 (quoting *Brewer v. Williams*, 430 U.S. 387, 404 (1977)). "Because harmless-error analysis does not apply to an invalid

waiver of the right to counsel," reversal is warranted.[2] *Id.* at 57-58, 176 P.3d at 1086-87. Accordingly, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for a new trial.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Tierra Danielle Jones, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[2]Williams raises several other issues on appeal. In light of our decision to reverse the judgment of conviction based on Williams's invalid waiver of his constitutional right to counsel, we need not address his remaining arguments.

SUPREME COURT
OF
NEVADA

(O) 1947A